**Randall Leo WEBB, Appellant (Petitioner),**

v.

**Susanne Rita Sabine WEBB, Appellee (Respondent).**

**No. 49A02–8906–CV–256.**

Court of Appeals of Indiana, Second District.

Nov. 20, 1989.

Judith T. Kirtland, Lewis, Bowman, St. Clair & Wagner, Indianapolis, for appellant.

Warren Haas, Marion, John S. Keeler, Bradley W. Skolnik, Freihofer, Minton & Keeler, Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Petitioner-appellant Randall Webb (Randall) appeals from the entry of judg-

ment in favor of respondent-appellee Susanne Webb (Susanne), claiming the trial court erred when it entered judgment without first holding an evidentiary hearing to determine child custody and support as required by Ind.Code 31–1–11.6–25 (1988).

We reverse.

## FACTS

Randall and Susanne became acquainted in West Germany, where Randall served as a member of the United States Armed Forces. Randall returned to Indiana in 1984 and Susanne, a German citizen, followed. They were married in June, 1984, in Indiana, and the parties' only child, Ashley, was born on March 26, 1986, in Indiana.

With Randall's consent Susanne returned to West Germany with Ashley in April of 1987. In June of 1987, Susanne sought custody of Ashley in a German court during the parties' separation, and was awarded custody on September 4, 1987. Susanne then petitioned for divorce in West Germany and sought permanent custody of Ashley.

In March of 1988, Randall appeared in West Germany, but refused to accept service of process in the divorce proceedings. Randall then took Ashley, on the pretext of visiting a local zoo, obtained duplicate passports for himself and Ashley, and returned to Indiana with Ashley.

On May 24, 1988, Randall petitioned for dissolution in the Marion County Superior Court, seeking custody of Ashley. Susanne appeared and sought Ashley's return. She also informed the trial court that the West German court had set a final hearing date for December 15, 1988 on Susanne's petition for dissolution in West Germany.

On December 15, 1988, the West German court dissolved the parties' marriage and gave Susanne custody of Ashley. On January 13, 1989, the Marion County Superior Court determined that the West German court's order was valid and enforceable, granted Susanne's motion for summary judgment and ordered Randall to return Ashley to Susanne's custody.

On January 17, 1989, Randall filed a petition to modify the West German court's dissolution decree, and a motion for change of judge. A special judge was appointed by the Indiana Supreme Court on March 10, 1989. On April 27, 1989, a non-evidentiary hearing was held to rule on pending motions. At the hearing it was stipulated that Ashley was a citizen of both the United States and West Germany and that the enforcement of the West German custody decree would probably result in the removal of Ashley outside the United States. All other jurisdictional requirements of IC 31–1–11.6–25 were satisfied.

On June 6, 1989, without conducting an evidentiary hearing as to the merits of modifying the German custody decree, the trial court entered judgment against Randall and ordered him to return Ashley to Susanne's custody.

## ISSUE

Randall raises one issue for our consideration:

Whether the trial court erred by failing to conduct an evidentiary hearing?

## DECISION

PARTIES' CONTENTIONS—Randall argues that the statute governing modification of foreign nation custody decrees, IC 31–1–11.6–25, clearly requires an evidentiary hearing to determine the best interests of the child. Susanne responds that Randall has waived the right to modify the West German decree, that the principles of judicial comity require enforcement of the West German decree, and that it would be in Ashley's best interest to be returned to Susanne's custody.

CONCLUSION—The trial court erred.

Why labor over construction of an unambiguous statute?

IC 31–1–11.6–25, which has not been previously construed since its enactment in 1983, covers the situation before us. It provides:

"(a) Notwithstanding sections 3, 7, and 8 [1] of this chapter, a court of this state has jurisdiction to make a child custody and support determination by modification decree if:

(1) the child is a citizen of the United States;

(2) a determination concerning the custody of the child has been made by a court in another nation;

(3) the child is physically present in this state; and

(4) there is a reasonable probability that the child will be moved outside of the United States if a determination concerning the custody of the child made by a court in another nation is given effect in the United States.

(b) If a court has jurisdiction to make a child custody and support determination under subsection (a), a parent or guardian of a child, may file a petition seeking a modification decree concerning the custody and support of the child. The petition must be entitled 'In re the modification of a determination concerning the custody and support of _____'. The petition shall be verified and must set forth:

(1) the relationship of the parties;

(2) the present residence of each party;

(3) the name, age, and address of each child who will be affected by the modification decree sought under this subsection;

(4) a statement that the court has jurisdiction to make a child custody and support determination under subsection (a); and

(5) the relief sought.

A responsive pleading or a counter petition may be filed under this subsection. Proceedings provided for in this subsection must comply with the Indiana Rules of Trial Procedure.

(c) *The court shall hold a hearing on the petition filed under subsection (b). At the hearing, the court shall hear evidence to determine whether the child custody and support determination should be modified.* In making this determination, the court shall base its decision upon the best interests of the child, considering all relevant factors, including the factors set out in I.C. 31–1–11.5–12(a)."

(Emphasis supplied; hereinafter referred to as the statute.)

The parties have stipulated that the jurisdictional requirements of the statute have been met. *Record* at 908. Randall has filed the appropriate petition contemplated by the statute. *Record* at 120–21. Unmistakably a hearing is required at which the trial court will "hear evidence to determine whether the child custody and support determination should be modified." IC 31–1–11.6–25(c).

■ Susanne takes a myopic view of the statute. She offers no authority to support her contention that Randall waived his right to seek modification of the West German decree because he sought to challenge the West German decree as invalid when he filed his dissolution in Indiana.

She would have us read Ind. Rules of Procedure, Trial Rule 8(E)(2), which provides in pertinent part: "A pleading *may* set forth two [2] or more statements of a claim or defense alternatively or hypothetically ..." (emphasis supplied), as *requiring* the filing of alternate grounds of relief. No such requirement is found in T.R. 8(E)(2), and one cannot logically be implied.

■ Susanne's argument concerning the doctrine of judicial comity is also unsupported by authority. The West German decree has been given full faith and credit, and Randall is merely seeking to modify the decree, as is his right under the statute.

Finally, Susanne claims that the West German decree is in Ashley's best interest. The question of Ashley's best interest, however, is not before this court. The trial

---

**1.** Sections 3, 7, and 8 of IC 31–1–11.6, the Uniform Child Custody Act, contain other jurisdictional requirements that are not applicable to petitioners to modify pursuant to section 25. Section 3 establishes jurisdiction under the act, section 7 allows the trial court to decline jurisdiction if the forum is inconvenient, and Section 8 allows the trial court to decline jurisdiction if the petitioner has engaged in wrongful acts.

court is to determine what is in Ashley's best interest *after* evidence has been presented. IC 31–1–11.6–25(c).

While we may not approve of Randall's conduct in taking Ashley from Susanne's custody, the statute explicitly excludes that portion of the Uniform Child Custody Act which allows the trial court to decline jurisdiction if the petitioner has wrongly taken custody of the child from another *state*. (IC 31–1–11.6–8.)

As Randall has demonstrated he is entitled to a hearing pursuant to the statute, we must remand this matter to the trial court for the required evidentiary hearing.

Reversed and remanded for further proceedings consistent herewith.

SHIELDS, P.J., concurs.

CONOVER, J., concurs.